**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Resource Properties, Inc., Respondent,

v.

CSS Enterprises, LLC, Douglas E. Crolley, and Jeff C. Crolley, Appellants.

Appellate Case No. 2021-000171

———————

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

———————

Unpublished Opinion No. 2023-UP-128
Submitted January 1, 2023 – Filed March 29, 2023

———————

**AFFIRMED**

———————

William James LaLima, of LaLima Law Firm, LLC, of West Columbia, for Appellants.

Mark Anthony Bible, Jr., of Kenison Dudley & Crawford, LLC, of Greenville, for Respondent.

———————

**PER CURIAM:** In this breach of contract action, CSS Enterprises, LLC; Douglas E. Crolley; and Jeff C. Crolley (collectively, Appellants) appeal an award of actual damages and attorney's fees to Resource Properties, Inc. (Respondent). Appellants

argue the trial court erred in (1) admitting the commercial lease agreement they were alleged to have breached into evidence without the required authentication, (2) using the lease as evidence of the substantive terms of the parties' agreement, (3) declining to address their claim that Respondent failed to mitigate its damages, and (4) rejecting their argument that Respondent breached the lease first. We affirm pursuant to Rule 220(b), SCACR.

1.  We hold the commercial lease agreement was properly authenticated and thus the trial court did not err in admitting it. See Rule 901(b)(4), SCRE (stating the requirement of authentication can be satisfied through "[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances").

2.  We disagree with Appellants' argument that the trial court should not have used the lease as evidence of the terms of the parties' agreement because this use was outside the limited purpose for which the document was admitted into evidence. Respondent, when moving to introduce the lease into evidence, stated it was offering the lease to show it had an agreement with Appellants to lease the property, which was in effect at the time of the transfer. Appellants did not object to admission of the lease for this purpose; therefore, the trial court was not prohibited from using the lease as evidence of the terms of that agreement. *See* Rule 105, SCRE (requiring a trial court, upon request, to "restrict the evidence to its proper scope" when the evidence is admissible for one purpose but not admissible for another purpose).

3. We decline to address Appellants' arguments that the trial court failed to address their assertions that Respondent committed the initial breach of the lease and its efforts to mitigate its damages were untimely and insufficient. *See I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000) ("If the losing party has raised an issue in the lower court, but the court fails to rule upon it, the party must file a motion to alter or amend the judgment in order to preserve the issue for appellate review."). Because Appellants did not file any post-trial motion, none of these issues are preserved for our review.

**AFFIRMED.**[1]

**KONDUROS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.